IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

## JOHN EARHEART v. CENTRAL TRANSPORT ET AL.

**Workers' Compensation Appeals Board**
**No. 2019-06-1297**

---

### No. M2023-00384-SC-WCM-WC

---

### JUDGMENT ORDER

This case is before the Court upon the motion for review filed by Central Transport and Cherokee Insurance Company pursuant to Tennessee Code Annotated section 50-6-225(e)(5)(A)(ii), the entire record, including the order of referral to the Special Workers' Compensation Appeals Panel, and the Panel's Opinion setting forth its findings of fact and conclusions of law.

It appears to the Court that the motion for review is not well taken and is, therefore, denied. The Panel's findings of fact and conclusions of law, which are incorporated by reference, are adopted and affirmed. The decision of the Panel is made the judgment of the Court.

Costs are assessed to Central Transport and Cherokee Insurance Company, for which execution may issue if necessary.

It is so ORDERED.

PER CURIAM

HOLLY KIRBY, C.J., not participating.

FILED

NOV 2 2 2023

Clerk of the Appellate Courts
Rec'd By _____

IN THE SUPREME COURT OF TENNESSEE
SPECIAL WORKERS' COMPENSATION APPEALS PANEL
AT NASHVILLE
Assigned on Briefs July 25, 2023

## JOHN EARHEART, JR. v. CENTRAL TRANSPORT, ET AL.

**Appeal from the Workers' Compensation Appeals Board**
**Court of Workers' Compensation Claims**
**No. 2019-06-1297   Kenneth M. Switzer, Judge**

_____

**No. M2023-00384-SC-R3-WC – MAILED August 28, 2023**

_____

John Earheart, Jr. ("Employee") filed a workers' compensation claim against Central Transport ("Employer") for temporary disability benefits. After initially denying the claim, Employer ultimately agreed to pay the requested benefits on the day before the scheduled expedited hearing. Following a compensation hearing, the Court of Workers' Compensation Claims ("trial court") ordered Employer to pay Employee's attorney's fees and costs under Tennessee Code Annotated section 50-6-226(d)(1)(B). The Workers' Compensation Appeals Board ("Appeals Board") affirmed. Employer appealed. The appeal has been referred to the Special Workers' Compensation Appeals Panel for a hearing and a report of findings of fact and conclusions of law pursuant to Tennessee Supreme Court Rule 51. We affirm the judgment of the Appeals Board and adopt its opinion as set forth in the attached Appendix.

**Tenn. Code Ann. § 50-6-217(a)(2)(B) (Supp. 2021) Appeal as of Right;**
**Decision of the Workers' Compensation Appeals Board Affirmed**

DON R. ASH, SR. J., delivered the opinion of the court, in which HOLLY KIRBY, J., and W. MARK WARD, SR. J., joined.

Richard R. Clark, Jr. and Emily M. White, Nashville, Tennessee, for the appellants, Central Transport and Cherokee Insurance Company.

D. Andrew Saulters, Nashville, Tennessee, for the appellee, John Earheart, Jr.

**OPINION**

On August 15, 2016, Employee injured his right hip while working as a delivery driver for Employer. His authorized treating physician, Dr. Thomas Byrd, performed surgery in April 2017 to repair a torn labrum in his right hip. Following the hip surgery, he began experiencing lower back pain radiating down his leg to his heel. After Dr. Byrd released him to restricted work in March 2018, he performed clerical tasks at Employer's Nashville terminal. In July 2018, Employer assigned him to light-duty work at Fifty Forward, a senior center. He continued to work at Fifty Forward until Employer terminated his employment in December 2018.

In July 2019, Employee filed a petition for benefit determination seeking additional medical treatment. After an expedited hearing in October 2020, the trial court ordered Employer to provide separate panels of specialists to treat Employee's hip and back and referred the case to the Compliance Program of the Bureau of Workers' Compensation for consideration of penalties. Employer did not appeal this order.

In January 2021, Employee filed another petition for benefit determination seeking temporary disability benefits from when he was terminated in December 2018 to when he obtained new employment in August 2019. Around the time of this filing, several depositions were taken in Employee's federal case against Employer for retaliatory discharge. An expedited hearing to address Employee's request for temporary disability benefits was scheduled for May 13, 2021. An order entered by the trial court on May 17, 2021, memorialized several agreements: (1) on the day before the hearing, Employer agreed to pay the requested temporary disability benefits in the amount of $22,023.36; (2) at the hearing, Employer agreed to pay the requested twenty-five percent penalty in the amount of $5,505.84; (3) Employee's attorney agreed to reserve until the compensation hearing his request for attorneys' fees; and (4) in light of these agreements, an expedited hearing did not take place.

At the compensation hearing held on September 6, 2022, the only issue was Employee's entitlement to attorneys' fees and costs under Tennessee Code Annotated section 50-6-226(d)(1)(B) for Employer's alleged wrongful failure to timely pay temporary disability benefits. The trial court ordered Employer to pay $50,505.50 in attorneys' fees and costs to Employee's attorney. Employer appealed. The Appeals Board affirmed and certified as final the trial court's order.

2

In this appeal, the sole issue is whether the trial court erred in ordering Employer to pay Employee's attorneys' fees and costs under section 50-6-226(d)(1)(B). Upon due consideration, we affirm the judgment of the Appeals Board and adopt its opinion as set forth in the attached Appendix. Employee has requested that we deem this appeal frivolous. We decline to do so.

## Conclusion

The decision of the Workers' Compensation Appeals Board is affirmed. Costs of this appeal are taxed to Central Transport and Cherokee Insurance Company, for which execution may issue.

DON R. ASH, SENIOR JUDGE

APPENDIX

## (OPINION OF THE WORKERS' COMPENSATION APPEALS BOARD)

### Factual and Procedural Background

John A. Earhart, Jr. ("Employee") began working for Vitran Express in 2011 as a truck driver. That company was eventually acquired by Central Transport ("Employer"), and Employee continued to work there in the same capacity. On August 15, 2016, Employee was making a delivery in the course and scope of his employment when he slipped and fell on his right leg. Employer provided a panel, and Employee selected Dr. Thomas Byrd, who diagnosed a torn labrum. Dr. Byrd performed surgery in April of 2017 and took Employee completely out of work, during which time he received temporary total disability benefits.

In March 2018, Dr. Byrd released Employee to restricted work. At that time, Employer returned Employee to work in the office at the terminal. In June 2018, Employee had a follow-up visit with Dr. Byrd, at which time he complained of radiating pain from his back to his right heel. Dr. Byrd recommended Employee see a neurologist. Employer

3

did not provide a panel and did not schedule a return appointment with Dr. Byrd after that June appointment.

In July 2018, Employer removed Employee from his light duty work in the terminal office and assigned him to work at Fifty Forward, a not-for-profit senior center. Employer then scheduled a medical examination with Dr. Malcom Baxter. Dr. Baxter saw Employee on October 25, 2018, and, at that time, opined that Employee's back and heel pain were "more likely than not greater than 51% due to the injury and subsequent surgery." Dr. Baxter also recommended a lumbar MRI, and, despite these recommendations, placed Employee at maximum medical improvement.[1] Based on this report, the workers' compensation adjuster, Mike Gehringer, contacted Employee on December 18, 2018, and advised him that he had been released at maximum medical improvement and to report to Employer for work. According to our review of the technical record, there was no route or assignment available to Employee at his local terminal on that date; moreover, it appears Employer did not receive written confirmation that Employee's restrictions were lifted. As such, Employee took three days of approved personal leave in order to allow more time for Employer to resolve the issues regarding his return to work.

Following his leave and the Christmas holiday, Employee returned to work on December 26, 2018. He was unable to clock in because he had not been returned to "active duty" within the computer system used by Employer. Employee left work, and, a few days later, received correspondence from Employer stating he had been terminated for three days of "no call/no show" beginning December 13, 2018. Employee testified and timecards established that Employee worked at Fifty Forward on December 13, 14, 17, and 18, 2018.

Following his termination, Employee sought medical treatment on his own and filed a petition for benefit determination for medical treatment in July 2019.[2] Employee

---

[1] The scope and purpose of the medical appointment with Dr. Baxter was disputed by the parties. Employer asserted this examination was proper pursuant to Tennessee Code Annotated section 50-6-204(d)(1). Employee asserted that the medical examination was an "illegal" attempt to have a physician place the employee at maximum medical improvement, allegedly in contravention of Tennessee Code Annotated section 50-6-234(b), which states that the determination of maximum medical improvement will be made "by the physician selected in accordance with § 50-6-204."

[2] Employer offered no explanation regarding why Employee received no further authorized medical treatment following his termination.

requested another appointment with Dr. Byrd and a panel for treatment of his back complaints. Although Employer offered a panel from which Employee selected a doctor, an appointment was never scheduled. Meanwhile, Dr. Byrd placed him at maximum medical improvement on December 9, 2019 for his hip injury, although he did not see him on that date. Thereafter, Employee requested a decision be made on the record regarding his pending petition for medical benefits. On October 21, 2020, the trial court ordered Employer to provide panels of specialists for both the hip and back and referred the case to the Bureau's Compliance Program for consideration of penalties. That order was not appealed.

Following the issuance of the trial court's order, Employer provided medical panels, from which Employee selected Dr. Richard Matthews for treatment of his back. Employee was authorized to return to Dr. Byrd for continued treatment of his hip. On January 21, 2021, Employee filed another petition for benefit determination seeking the payment of temporary disability benefits from December 18, 2018, to August 3, 2019, the date on which he obtained new employment. By that time, several depositions had been conducted and more were scheduled in a pending federal case Employee had filed for retaliatory discharge. These included depositions of the adjuster for the claim, Michael Gehringer; Employer's corporate representative, Dean Kuska, as well as four other employees; and Dr. Byrd, who was deposed twice on video. The trial court set a hearing to address Employee's request for temporary disability benefits, but the day prior to the hearing, Employer agreed to pay the requested benefits. The parties announced the agreement in court the following day, and Employer also agreed to pay the requested twenty-five percent penalty. The issue of attorneys' fees under Tennessee Code Annotated section 50-6-226(d)(1) was reserved for the compensation hearing. The trial court issued an order memorializing the parties' agreement, with the order specifically stating that Employee's "lawyer agreed to reserve his request for attorneys' fees for the compensation hearing. In light of these agreements, an evidentiary hearing did not take place."

Ultimately, Employee was released by both physicians with an anatomical impairment rating to the body as a whole of 2% for his hip from Dr. Byrd and 2% for his back from Dr. Matthews. The parties agreed to the impairment ratings but disputed whether Employee was entitled to increased benefits under Tennessee Code Annotated section 50-6-207(3)(B), as well as the reserved issues of attorneys' fees. On the morning of the compensation hearing, Employer agreed to pay the increased benefits, and thus the only issue that remained for trial was whether Employee's attorney was entitled to fees and costs.

5

At the compensation hearing, Employee testified to the sequence of events leading to his termination. Employee presented the deposition of Dr. Byrd for the purpose of showing that work restrictions were still in place as of the time of his termination in December 2018, as well as to show that those restrictions were sent to Mr. Gehringer. Employee also filed the other depositions taken in the wrongful termination case as further evidence of the timing and circumstances of the termination.[3] Employee's counsel sought $50,505.50 in attorneys' fees and costs, supported by his affidavit and timekeeping records, as well as invoices for his costs. Employer offered no proof at the hearing regarding the substance of Employee's underlying workers' compensation claim or the benefits to which he may be entitled. Rather, Employer argued the attorneys' fees and costs were not recoverable because the benefits associated with the request for attorneys' fees had been paid voluntarily and because no hearing had been held during which the trial court had made a finding that benefits were owed or determined any benefits had been wrongfully denied.

The court found in favor of Employee, stating Employer "wrongfully failed to timely pay the temporary total disability benefits to which [Employee] was entitled." The court further stated that Employee's attorney's "extensive efforts, including deposing numerous lay witnesses and Dr. Byrd, led to [Employer's] conceding on the eve of trial that those benefits were owed." While the court noted that all of the depositions were actually taken in the federal employment case and that Employer's workers' compensation counsel was not even present for some of the depositions, it considered Employee's counsel's characterization that the issues in both cases were "intimately, intricately intertwined" and determined that "it would be impossible to apportion them to one case or the other." Finally, the court declined to accept Employer's argument that Tennessee Code Annotated section 50-6-226(d)(1)(B) was inapplicable because the temporary disability benefits had been paid voluntarily, stating that even though the prior order did not make a "finding," it "implicitly did so by explicitly holding the attorneys' fee issue in abeyance." Further, stated the court, the statute allows for the trial judge to award attorneys' fees and costs when it determines benefits have been wrongfully denied at an expedited or compensation hearing. The court awarded the full amount of fees and costs requested. Employer has appealed.

---

[3] Employer stipulated to the use of two of Employee's co-workers' discovery depositions at trial. There is no indication in the record of any objection to the use of any of the other discovery depositions that were filed. All of the depositions had been taken in the pending retaliatory discharge case in federal court, and, of those depositions, only one was not filed in the workers' compensation case.

6

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

Employer raises two issues on appeal, which we restate as follows: (1) whether the court can award attorneys' fees and costs under section 50-6-226(d)(1)(B) if Employer agreed to pay the requested benefits prior to the hearing of the matter; and (2) whether the court abused its discretion in its award of attorneys' fees.[4]

*Attorneys' Fees Under 50-6-226(d)(1)*

Tennessee Code Annotated section 50-6-226(d)(1)(B) states that a trial court may award reasonable attorneys' fees and costs when an employer

---

[4] Employer did not identify the amount of attorneys' fees or costs awarded by the court as an issue on appeal and acknowledged at oral argument that the fees and expenses were reasonable and that the time and rate submitted by counsel in his affidavit was appropriate. As such, we need not address whether the award complies with Tennessee Supreme Court Rule 8, RPC 1.5 and Tennessee Rule of Civil Procedure 54.04.

[w]rongfully denies a claim or wrongfully fails to timely initiate any of the benefits to which the employee . . . is entitled . . . including . . . temporary or permanent disability benefits . . . if the workers' compensation judge makes a finding that the benefits were owed at an expedited hearing or compensation hearing.

The statute defines "wrongfully" in this context as "erroneous, incorrect, or otherwise inconsistent with the law or facts." *Id.* In interpreting this statutory provision, we have previously said that, in order to determine whether a decision was wrongful, the court should consider "whether an employer's decision to deny a claim was erroneous, incorrect, or otherwise inconsistent with the law or facts *at the time the denial decision was made.*" *Andrews v. Yates Servs.*, No. 2016-05-0854, 2018 TN Wrk. Comp. App. Bd. LEXIS 22, at *12 (Tenn. Workers' Comp. App. Bd. May 8, 2018). Under the express terms of this provision, such a determination can be made at an expedited or compensation hearing. We have cautioned in the past, however, against "adjudicating disputes concerning attorney's fees and expenses in piecemeal fashion as the case winds its way through the litigation process" and determined "the better practice is to resolve [attorneys' fees disputes] after the litigation has run its course." *Andrews v. Yates Servs., LLC*, No. 2016-05-0854, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *7-8 (Tenn. Workers' Comp. App. Bd. May 23, 2017).

In this case, the only issue for determination at the compensation hearing was whether Employee's counsel was entitled to attorneys' fees due to Employer's denial of temporary total disability benefits from the time of Employee's termination in December 2018 to when he obtained new employment in August 2019. An expedited hearing to address temporary disability benefits had previously been scheduled, but no proof was heard because Employer agreed to pay the temporary total disability benefits and a twenty-five percent penalty under Tennessee Code Annotated section 50-6-205(b)(3) on the eve of the hearing. In announcing that agreement to the court, the parties specifically reserved the issue of Employee's claim for attorneys' fees and costs for a later hearing.

Employer argues that because it paid the benefits voluntarily, the trial court was precluded from later making a finding that the benefits "were owed" for purposes of subsection 226(d)(1)(B). In Employer's view, attorneys' fees and costs cannot be awarded under that subsection unless two elements are met: (1) the trial court made a finding that the benefits were owed; and (2) the trial court made a finding that the failure to pay those benefits was wrongful. As such, according to Employer, because it voluntarily paid the benefits prior to the hearing intended to address that issue, it was improper for the trial

8

court to later make a finding that the benefits were owed. Hence, according to this argument, the court could not award attorneys' fees and expenses.

We conclude this argument is flawed. The workers' compensation statutes and case law are clear that a court's determinations regarding the wrongful denial or failure to timely initiate benefits can be made at *either* an expedited hearing or, later, at a compensation hearing. Furthermore, the trial court's determination of "wrongfulness" is based on an examination of the facts and circumstances that existed *when the denial was made*. Thus, if the preponderance of the evidence supports it, a court can determine that the benefits "were owed" at the time they were denied. Even if the trial court erred in determining it had "implicitly" made such a finding in its May 2021 order, we conclude the trial court *can* make such a finding at a compensation hearing by considering whether the benefits "were owed" as of the date of the denial. We can find no authority that prohibits the court from making a finding that an employer wrongfully denied or timely failed to initiate benefits even after an employer has agreed to pay the benefits voluntarily. In short, we conclude that Employer's agreement to pay the benefits and the penalty did not insulate it from a later determination by the trial court that attorneys' fees and costs are appropriate due to a wrongful denial or failure to timely initiate benefits.

Further, Employer expressly agreed to defer the issue as to whether Employee's attorney was entitled to fees and expenses until a compensation hearing, and any argument that the issue was not properly before the court was waived at that time. The agreement is clearly outlined in the court's May 2021 order. Upon receipt of the order, Employer did not lodge any objection with the court indicating the statements were incorrect or improper. To assess whether Employee's attorney should receive reasonable fees and expenses under Tennessee Code Annotated section 50-6-226(b)(1), which was specifically reserved as an issue in the May 2021 order, the court must first assess whether the benefits "were owed" at the time of the denial and whether there was a wrongful denial or a failure to timely initiate benefits, and that is what the trial court did. As such, we affirm the determination of the trial court that the requested benefits were wrongfully withheld.

*Reasonable Attorneys' Fees and Costs*

Having concluded that section 50-6-226(d)(1)(B) is applicable in these circumstances, we turn to whether the trial court erred in awarding attorneys' fees and costs in this case. An award for attorneys' fees pursuant to Tennessee Code Annotated section 50-6-226(d)(1) is discretionary and is subject to review under an abuse of discretion standard. *Andrews*, 2018 TN Wrk. Comp. App. Bd. LEXIS 22, at *11-12. A trial court

9

abuses its discretion when it causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice. *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011). Here, Employer does not contend that the amount awarded was erroneous or excessive, but that the award itself is "illogical" under the "plain language of the statute." Employer argues the trial court's award of attorneys' fees and costs was in the nature of a sanction or penalty and not under the factors in section 50-6-226(d)(1).

The court's determination that Employer wrongfully failed to timely initiate benefits was based on its review of the proof before it, as well as the live testimony of Employee. There was no evidence in the record to support that Employee had violated a workplace rule, and the documentary evidence supported that Employee reported to work at all scheduled times. In fact, Employer submitted no evidence at the compensation hearing whatsoever. The trial court then considered Employee's attorney's "extensive" efforts to obtain the necessary proof for the benefits to be provided. As the trial court outlined, the attorney took numerous depositions of lay witnesses and the treating physician in order to prove Employee was entitled to the requested benefits. Employer offered nothing to contradict this proof. For the reasons outlined above, we conclude the trial court's assessment of the denial of the benefits was proper under Tennessee Code Annotated 50-6-226(d)(1)(B), and we find no abuse of discretion in its decision to award reasonable attorneys' fees and costs.

## Conclusion

For the foregoing reasons, we affirm the trial court's order in all respects and certify it as final. Costs on appeal are taxed to Employer.

10